*Read, J-.
The question of law in this case is, whether *91 the agreement made, or the loss of the judgment lien by neglect to levy, discharges the defendant from his liability as indorsor.
A change of contract, or the extension of the time of payment on good consideration, or the relinquishment of securities, or the release of liens, or any positive act which suspends the creditor’s right to sue or the sureties’ right to pay, will work his discharge unless done by his consent. But an agreement to give further time for the payment of a debt due, which is not binding for want of consideration, or a mere delay to pursue remedies, or an omission to enforce liens, will not release him.
Theso principles are supported by authorities too numerous to be cited; I refer, therefore, only to our own reports: Bank of Steubenville v. Adm’rs of Carroll, 5 Ohio, 214; Same v. Hoge et al., 6 Ohio, 17; Jenkins v. Clarkson, 7 Ohio, 72.
In this case the agreement to give time was without valid consideration; the loss of the lien was a mere omission to act; and not for a moment, since the debt fell due, has the right of the creditor or the surety been suspended. A new trial must therefore be granted.
New trial granted; cause remanded.